961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Daniel T. DAVIS, d/b/a Davis Exploration, Plaintiff-Appellant,
v.
Manuel LUJAN, Secretary of the Interior of the United
States; Barry Williamson, Director, Minerals Management
Service, United States Department of the Interior; Jerry D.
Hill, Associate Director, Royalty Management Program,
Minerals Management Service, United States Department of the
Interior; Franklin D. Arness and Will A. Irwin, Judges,
United States Department of the Interior, Interior Board of
Land Appeals, Defendants-Appellees.
 No. 91-8030.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1992.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Appellant Daniel T. Davis, pro se, challenges the district court's grant of summary judgment affirming a final decision of the Interior Board of Land Appeals (IBLA). Davis, an independent oil and gas producer, produces a low grade crude oil from two wells located on federal leases in Wyoming. He blends the oil from these wells on site with a higher grade oil and sells the blended product. Originally, Davis paid the production royalties due under his federal leases to the Minerals Management Service (MMS) on the value of the blended oil. Subsequently, he sought approval to pay those royalties based on the value of the low grade crude oil as it is produced from the wells.
 
 
 6
 The MMS denied Davis' request, and Davis appealed to the Director of the MMS. The Director likewise rejected Davis' request, but allowed Davis certain deductions based on the cost and volume of the higher grade oil blended with the leasehold production. Davis appealed to the IBLA, which affirmed the Director's decision. Davis then brought suit in district court, seeking review of the IBLA decision and declaratory relief. Following cross-motions for summary judgment, the district court affirmed the IBLA's decision, granting summary judgment to Defendants. Davis appeals.
 
 
 7
 We interpret Davis' pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520-21 (1972). On appeal, Davis contends that the royalties due under his federal leases should be calculated based on the value of the low grade crude as it is produced from the wells. He argues: 1) the blending of his leasehold production with a higher grade oil should be characterized as a manufacturing process and the costs of blending allowed as a deduction from the value of the enhanced production; 2) the IBLA's ruling was arbitrary and capricious because it suggests that, if Davis blends his low grade oil off of the leasehold, he would not have to pay royalty on the enhanced value of a blended product, and because it violates the agency's duty to "not create hardship on a producer which would tend to curtail development," Appellant's Brief at 17; 3) the IBLA's ruling "is not in conformity with law," id. at 19, because it relies on a minority position; and 4) the IBLA's ruling is unreasonable because the result is harsh and demonstrates a prejudice against oil men.
 
 
 8
 We review the district court's grant of summary judgment de novo, applying the same standard as that employed by the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990); see also Aulston v. United States, 915 F.2d 584, 588 (10th Cir.1990) (on appeal from district court's review of an agency decision, same standard of review used at both levels), cert. denied, 111 S.Ct. 2011 (1991). Davis concedes on appeal that no factual issues are in dispute. Appellant's Brief at 4. "In our review of the IBLA's application of legal concepts to the undisputed facts, it is the duty of this court to set aside the decision of the IBLA if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " Webb v. Hodel, 878 F.2d 1252, 1254 (10th Cir.1989) (quoting the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)). This requires us "to decide whether the agency acted within the scope of its authority, whether the actual choice made was based on a consideration of the relevant factors, whether there has been a clear error of judgment, and whether the agency's action followed the necessary procedural requirements." Id. at 1255. Following our review of the record on appeal, and applying this standard, we conclude that the district court correctly decided this case. Therefore, for substantially the reasons stated in the district court's opinion, Order on Motions for Summary Judgment, R.Vol. I, doc. 28, we exercise our jurisdiction under 28 U.S.C. § 1291, see Aulston, 915 F.2d at 588, and affirm.
 
 
 9
 We comment, however, on various arguments that Davis presents on appeal. Davis argues that the blending process he employs is a manufacturing process. Further, he contends that California Co. v. Udall, 296 F.2d 384 (D.C.Cir.1961), a case cited in the district court's opinion, "seems to say that manufacturing processes are exempt from its ruling [that related costs could not be deducted]." Appellant's Brief at 13. First, we note that the Udall court did not hold that manufacturing processes could be deducted from production proceeds for royalty valuation purposes. It merely noted that it was not addressing facts involving manufacturing costs. 296 F.2d at 387. Also, the district court cited Udall only for the proposition that Davis has an obligation to put his production in marketable condition, a proposition Davis does not dispute. Appellant's Brief at 13. Second, although the IBLA held that Davis' blending of the production was not a manufacturing process, Davis did not specifically challenge that ruling in his complaint. He did not argue the issue in his summary judgment brief or response brief to Defendants' motion for summary judgment before the district court, nor did the district court rule on the issue. Therefore, we decline to reach this issue in this case. See Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1494 n. 7 (10th Cir.1989), cert. denied, 495 U.S. 948 (1990).
 
 
 10
 Davis vigorously argues what he characterizes as the "majority rule" and "minority rule" of production valuation for royalty purposes. Specifically, he challenges the district court's reliance on Udall. However, Davis' own arguments that the MMS has interpreted Udall consistently in "many Director's Decisions, Solicitor's Opinions and policy memoranda," Appellant's Brief at 12, and that this interpretation is reflected in the current rules, supports the district court's ruling that the IBLA's decision in this case is reasonable and faithful to the regulations.
 
 
 11
 In making such a ruling, the district court described the adjustment method employed by the IBLA. Essentially, the IBLA allowed Davis deductions from the production proceeds for the cost and value of the higher gravity crude blended. The district court then noted: "The resulting figure reflects the contribution of low grade crude to the contract sales price of the blended product, thus establishing a value of the low grade crude as adjusted by the quality and quantity of the high grade crude blended in.... Similarly, if pre-blended value of low grade crude ... is deducted from the contract price of blended crude, the result will reflect the value which the quality and quantity of high grade oil adds to the blended product." Order on Motions for Summary Judgment, R.Vol. I, doc. 28 at 8-9. Davis takes issue with the last sentence quoted above, arguing it is incorrect because it does not take into account the costs associated with blending, outside of the products to be blended. We agree; the district court's attempt to reverse the IBLA's adjustment formula will not yield the same result. However, we conclude that this error does not undermine the district court's rationale or its determination that the IBLA's ruling was reasonable and in accordance with applicable regulations.
 
 
 12
 Davis contends that Defendants have erroneously characterized the blending as a necessary process to make the leasehold production marketable and that their arguments rely on this fact. The record indicates otherwise. Although the MMS Director's decision determined that Davis employed the blending process for marketing purposes, the IBLA, in denying Davis' Petition for Reconsideration, noted:
 
 
 13
 Davis acknowledges that [basic sediment and water] must be removed from its crude in order to make the product marketable. Even if the [basic sediment and water] could have been removed other than by blending, the fact remains that Davis did blend the crude oil that is the subject of this appeal. That is how Davis chose to make the product marketable....
 
 
 14
 Exhibit B to Defendant's Motion for Summary Judgment, R.Vol. I, doc. 20. The district court acknowledged that blending "was not the only method available to [Davis]." Order on Motions for Summary Judgment, R.Vol. I, doc. 28 at 7. We conclude that the district court's opinion was not based on an erroneous view of the facts, as Davis contends.
 
 
 15
 We have considered Davis' policy arguments and his contentions of prejudice and disproportionate impact, and find them to be without merit. The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3